UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Cause No.: 1:09-CR-46 |
| | ) | |
| **NICHOLAS LEE POWERS** | ) | |

**OPINION AND ORDER**

This matter is before the court for resolution of issues relating to the sentencing of the defendant, Nicholas Lee Powers ("Powers"). Powers filed a Sentencing Memorandum on December 16, 2009 (docket at 35) and the United States of America ("the government") filed a response on December 28, 2009 (docket at 36). The court held a sentencing hearing on January 4, 2010, at which the defendant and the government were afforded an opportunity to present oral argument to support their respective positions concerning sentencing. The defendant also addressed the court, as is his right pursuant to Fed.R.Crim.P. 32(i)(4). For the reasons discussed below, the court determines that Powers will be sentenced to a term of imprisonment of 60 months.

**DISCUSSION**

Powers was indicted on April 22, 2009, and charged with four counts of distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Indictment, docket at 10.[1] Powers entered into a Plea Agreement with the government, which was filed on September 14, 2009. Docket at 23. Pursuant to that Plea Agreement, Powers entered a plea of guilty to Count 4 of the Indictment on September 22, 2009. *See* docket at 27. At the sentencing hearing, Powers'

---

[1] Powers was originally charged by way of a Criminal Complaint, which was dismissed when the Indictment was filed.

counsel and counsel for the government presented oral argument in support of their respective positions concerning sentencing and the issues raised by Powers.  Powers is asking the court for a variance in his sentence, requesting that he be sentenced to a term of imprisonment of 60 months, the statutory mandatory minimum sentence in this case, as opposed to 70 months, the low end of the applicable range pursuant to the United States Sentencing Guidelines ("U.S.S.G.").[2]  Defendant's Sentencing Memorandum, p. 5.  Powers contends that a sentence of 60 months is "an appropriate sentence as a variance in this cause . . ." and is sufficient to accomplish the traditional goals of criminal sentencing as set forth in 18 U.S.C. § 3553(a).  *Id*., p. 4.

Powers bases his request for a 10-month downward variance in his sentence on several factors.  First, he points out that he is being sentenced for distribution of cocaine base, or "crack," rather than powder cocaine.  Powers argues that the present 100 to 1 ratio used to calculate offense levels under the U.S.S.G. is inherently unfair, and results in a disparity in the lengths of sentences imposed on defendants who distribute crack cocaine as opposed to those who distribute powder cocaine (with the former receiving dramatically longer prison terms under the Sentencing Guidelines).  *Id*., pp.[3]  Powers notes that "[b]ased upon a direct one to one ratio

---

[2] Count 4 of the Indictment charged Powers with the sale or distribution of "five (5) grams or more but less than fifty (50) grams" of crack cocaine.  Docket at 10, p. 4.  Because the amount of crack cocaine involved was in excess of five grams, the statute–21 U.S.C. § 841–imposes a mandatory minimum sentence of 60 months imprisonment.  The advisory guideline range is a term of imprisonment of between 70 and 87 months.

[3] Powers is referring to the penalties set by Congress in 1986 in the Anti-Drug Abuse Act, which were incorporated into the U.S.S.G. in § 2D1.1(c).  By way of example, the threshold for a sentence of 10 years to life is triggered if a defendant is found guilty of distributing five kilograms of powder cocaine.  That same sentence is triggered if a defendant is found guilty of distributing 50 grams of crack.  A term of imprisonment of five to 40 years is triggered by 500

of powder to base cocaine, the calculation would lead . . . to a base offense level of fourteen. Based upon a recalculation starting at a base level of fourteen, the advisory sentencing guidelines suggest a sentencing range of twenty-one to twenty-seven months based upon Mr. Powers' criminal history record placing him in criminal history category IV." *Id*., p. 1. Powers acknowledges that he cannot be sentenced to a term of imprisonment as low as 21 to 27 months in light of the statutory mandatory minimum, but nonetheless argues that this lower sentence, which would be theoretically possible if the mandatory minimum did not apply, "should be a consideration in crafting an appropriate sentence." *Id*., p. 4. According to Powers, since the Sentencing Guidelines are merely advisory, and the court has the discretion to fashion what it considers to be a fair and sufficient sentence after considering the factors enumerated in § 3553(a), the court in this particular case should sentence Powers to the mandatory minimum, thereby granting him a variance from 70 months to 60 months. *Id*., p. 2. In addition to arguing that the 100 to 1 ratio issue results in an unfairly harsh sentence, Powers submitted to the court letters from friends and family members attesting to his good character and expressing support for him. The court has reviewed these letters and considered them along with the lengthy and very detailed Presentence Investigation Report ("PSIR") prepared by the U.S. Probation Department.

In its responsive memorandum, the government begins by correctly making two important points. First, the government notes that "[t]he current state of the law is that district courts must accurately calculate the sentencing guidelines range, resolving contested sentencing issues by a preponderance of the evidence, and, if the district court imposes a sentence outside of

---

grams of powder cocaine but only five grams of crack.

the guideline range, there must be an explanation regarding why the defendant deserves a non-guideline sentence." Government's Sentencing Memorandum, p. 1 (citing *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005) and *United States v. Dean*, 414 F.3d 725 (7th Cir. 2005)). This means that "[t]he starting point is therefore a sentence properly calculated under the crack cocaine guidelines." *Id.* The government adds that "[t]he district court has no authority to sentence a defendant below the statutory minimum sentence unless there is statutory authorization in the form of a motion filed by the government pursuant to 18 U.S.C. § 3553(e) or the defendant meets the safety valve criteria in 18 U.S.C. § 3553(f)." *Id.*, pp. 1-2 (citing *United States v. Johnson*, 580 F.3d 666, 672-73 (7th Cir. 2009) and *Spears v. United States*, 129 S.Ct. 840, 844 (2009)).[4] Powers does not contest that he is subject to a statutory minimum sentence or argue that the court should depart below that minimum term. He also concedes that he is not eligible for the "safety valve" provision contained in § 3553(f) due to his criminal history calculation. Accordingly, the parties appear to agree that the only debate in this case is whether Powers should be sentenced to a term of 70 months, as the government advocates, a term of 60 months, as Powers maintains, or somewhere in between.

In support of its position that Powers should be sentenced to a term of 70 months, the low end of the advisory guideline range but obviously in excess of the statutory minimum, the government contends that Powers' offense involved "repetitive distribution activity," that there is a lack of evidence that this activity was conducted only "to support a crack addiction," that Powers has an extensive criminal history that includes a weapons offense, that Powers

---

[4] The government states that it "will not be filing a motion pursuant to § 3553(e)" in this case. *Id.*, p. 2.

committed other, uncharged "offenses in his attempt to escape officers" on the day of his arrest in this case, and his history of "poor compliance with previous attempts at rehabilitation." *Id.*, pp. 3-4. For all of these reasons, the government argues that the court should impose a term of imprisonment of 70 months and not vary downward from that term.

The government points out in its brief, and reiterated at oral argument, that while Powers pleaded guilty to a single count of distribution of crack cocaine, the charges in the Indictment were the result of a drug investigation during which law enforcement officers conducted several controlled buys of crack from Powers. Thus, as the government states, Powers was involved in "repetitive distribution activity" as opposed to an isolated incident or an episode of aberrant behavior. *Id*. In addition, the government argues, Powers has a criminal history that includes an offense for possessing a firearm. *Id.*, p. 6.[5] Powers, the government explains, has had several prior opportunities to rehabilitate himself, but has failed at every turn. *Id.*, pp. 5-6. The government states that "[f]rom 2004 until his arrest in early 2009, the Defendant has amassed convictions for three felony offenses in two cases and five misdemeanors in five separate cases. . . . [T]he Defendant was afforded many chances at rehabilitation and has performed poorly, committing his first felony while on bond for his first misdemeanor and accumulating numerous revocations and violations." *Id.*, p. 5. Powers' failures at rehabilitation include parole violations and probation revocations. *Id.*, p. 6. Finally, the government notes that the offenses Powers was charged with in this case occurred within only two months after his release from parole in various state charges. *Id*.

---

[5] According to the PSIR, Powers was convicted of carrying a handgun without a license in state court in April of 2007.

The government urges the court to consider Powers' actions on March 20, 2009, the day he was arrested on what would result in the present charges. On that date, an undercover detective purchased crack cocaine from Powers, after which police attempted to arrest him. Police attempted to initiate a traffic stop but Powers fled in his vehicle "at a high rate of speed through a residential area." *Id*., p. 4. Powers eventually stopped his car and fled on foot, running into a residence through an open garage door. Officers pursued Powers into the home, where they discovered the homeowner telling Powers to get out of his house. Police warned Powers that if he did not exit the home they would release a police dog, but he refused to obey police orders. A police officer and police dog pursued Powers through the home and out the front of the house. Powers knocked over a child in his attempt to elude police. Once outside, the police dog caught Powers, who responded by kicking the animal several times and struggling with a police officer. Finally, Powers was subdued and placed under arrest. The government states that "[i]n his attempt to escape arrest, Powers engaged in violent and risky behavior, endangering the safety of officers and members of the public and actually hurting a child. During his desperate escape attempt, he utilized a vehicle in speeding away from officers in a residential area, he entered another person's home apparently without permission or at least refused to leave when told to do so, he injured a child, and he forcibly resisted officers."[6] *Id*., p. 5. For all of these reasons, the government contends that Powers should be sentenced to a term of imprisonment of 70 months, the low end of the advisory guideline range and the term agreed

---

[6] According to the government, Powers apparently was acquainted with the homeowner (or perhaps the homeowner's son), but the homeowner told police that Powers was not welcomed in the residence. *Id*., p. 5.

to in the plea agreement. The government argues that "[c]utting the Defendant a further break on his sentence will not afford adequate deterrence for him and others and will not appropriately account for his poor performance on past cases and his violent and dangerous escape attempt." *Id.*, p. 6.

The court acknowledges the government's position and recognizes the seriousness of the offenses Powers has committed. The government's arguments are valid. That notwithstanding, the task before the court in every criminal case is to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in" § 3553. In order to accomplish this goal, § 3553 states that the sentencing court should consider the following factors:

>  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>  (2) the need for the sentence imposed–
>      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>      (B) to afford adequate deterrence to criminal conduct;
>      (C) to protect the public from further crimes of the defendant; and
>      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>  (3) the kinds of sentences available;
>
>  . . .
>
>  (4) [the advisory guideline range];
>  (5) any pertinent policy statement issued by the Sentencing Commission . . .;
>  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>  (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)-(7). The task then, is for the sentencing court to decide what constitutes a sentence that is "sufficient" while "not greater than necessary" to accomplish the traditional goals of criminal sentencing. But those seemingly straightforward and concise words belie the

7

difficult nature of the task facing a court when it is determining what sentence to impose on a criminal defendant. When imposing a term of imprisonment on a defendant, the court must decide, to the best of its ability based on the circumstances of each case, how long that defendant should be deprived of his or her freedom so as to punish the defendant for having committed a serious offense and prevent the defendant from committing offenses in the future. This aspect of sentencing, of course, is aimed at accomplishing the goals of "punishment," "deterrence," and "rehabilitation," three of the important goals of criminal sentencing. At the same time, the court must be mindful of society's interest in being free from the defendant's criminal activities. There can be no doubt whatsoever that when a defendant's offenses involve trafficking in dangerous drugs the dangers posed to society are tremendous indeed. And criminal sentencing also has the goal of deterring individuals *other than* the defendant from committing similar crimes. Neither a criminal defendant himself nor society at large benefits from sentences that are so inconsequential that they fail to serve as a deterrent to criminal acts. A proverbial "slap on the wrist" not only fails to deter criminal activity, it may serve to encourage it by causing people who might so much as contemplate engaging in criminal behavior to believe that the anticipate rewards they might reap will outweigh any risk involved. Lax sentences make crimes look like reasonable gambles.

After considering the arguments presented by both sides in their briefs and at oral argument, and after examining the specific facts relevant to this case, the court determines that a term of imprisonment of 60 months is sufficient, but not greater than necessary, to accomplish the traditional goals of criminal sentencing. A sentence of 60 months, a term of imprisonment mandated by Congress, will serve to punish Powers for his offense and all relevant conduct, will

deter him from engaging in criminal activity in the future, and will protect the public from the dangers of drug trafficking by the defendant. A sentence of 60 months also takes into consideration the fact that the defendant expressed remorse in his personal allocution before the court and the support he has from family and friends. Also, the sentence affords the defendant some amount of relief from the disparity in sentences between crack cocaine and powder cocaine cases, a disparity that even the U.S. Department of Justice has acknowledged.[7] Finally, a 60-month sentence is consistent with several factually similar cases that have come before this court in recent months.

## CONCLUSION

For the reasons stated herein, the request by the defendant, Nicholas Lee Powers, for a variance in his sentence below the low end of the applicable advisory guideline range is granted, and Powers will be sentenced to a term of imprisonment of 60 months.

Date: January 5, 2010.

 /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana

---

[7] In a "Memorandum for all Federal Prosecutors" issued on May 1, 2009, the Justice Department acknowledged that "[t]he President and Attorney General believe Congress should eliminate the sentencing disparity between crack cocaine and powder cocaine." *See* Defendant's Memorandum, Exhibit A.

9